# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-653V
**Filed: March 4, 2015**

```
* * * * * * * * * * * * * * * *
HECTOR TREJO,                    *
                                 *
            Petitioner,          *
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * * *
```

UNPUBLISHED

Special Master Hamilton-Fieldman

Joint Stipulation on Damages;
Influenza ("Flu") Vaccine; Guillain-
Barré Syndrome ("GBS").

Hector Trejo, *Pro Se*.
Linda Renzi, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On September 9, 2013, Hector Trejo ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleges that he suffered from Brachial Neuritis[3] as a result of a Tetanus, Diphtheria and Acellular Pertussis ("Tdap") vaccine administered to him on September 6, 2010.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] In the Petition, Petitioner alleged that he suffered from Brachial Neuritis after receiving the Tdap vaccination. However, in the Stipulation, Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a result of the Tdap vaccination.

1

On March 2, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.

Respondent denies that the Tdap vaccine caused Petitioner's alleged GBS or any other injury or his current condition. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $150,000.00, in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraphs 8.b, 8.c, and 8.d;**

**A lump sum of $7,587.00, which amount represents an award for litigation costs incurred by Petitioner, in the form of a check payable to Petitioner, Hector Trejo;**

**A lump sum of $4,500.00, which amount represents reimbursement for costs associated with alternative dispute resolution services provided by Gary J. Golkiewicz, in the form of a check payable jointly to Petitioner and Gary J. Golkiewicz**

**Petitioner agrees to endorse this check to Gary J. Golkiewicz.**

**An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

    **IT IS SO ORDERED.**

_____
Lisa Hamilton-Fieldman
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.